UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      -against-                                      08 CRIM 361 (PAC)

JAMES BONCZEK,

                          **Defendant.**

---

**DEFENDANT JAMES BONCZEK'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ISSUANCE OF SUBPOENAS DUCES TECUM PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 17(C)**

**INTRODUCTION**

Defendant James Bonczek submits this memorandum of law and the accompanying affidavit of Susan R. Necheles, Esq., in support of his motion for issuance of Rule 17(c) subpoenas duces tecum[1] that counsel believes are necessary to prepare properly to defend this case at trial.

**FACTUAL BACKGROUND**

Mr. Bonczek is charged with possession and receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(a)(2)(A).[2] In the complaint that was filed against Mr. Bonczek in the instant case, the government alleged that on October 17, 2007, a maintenance worker and security guard employed by Stuyvesant Town[3]

---

[1] The subpoenas are attached as Exhibits A and B to the accompanying declaration of Susan R. Necheles ("the Necheles Declaration"). They are returnable on June 17, 2008 at 2:00 p.m., the date and time of the next scheduled pre-trial conference.

[2] The indictment is attached as Exhibit C to the Necheles Declaration.

[3] Stuyvesant Town is the private residential development in Manhattan where Mr. Bonczek resides. Stuyvesant Town security guards are "special patrolman" pursuant to section 14-106 of the Administrative Code of the City of New York, and accordingly "possess the powers, perform the duties, and [are] subject

entered Mr. Bonczek's apartment in response to another tenant's complaint of a water leak.[4]  Once inside the apartment, according to the complaint, the two individuals observed "images displayed on the office computer screen of children engaged in sexually explicit conduct."  The security guard or the maintenance worker then allegedly contacted the New York City Police Department ("NYPD").

At approximately 9:00 a.m. on October 18, 2007, Mr. Bonczek returned to his apartment after having spent the evening at the home of his companion.  Upon his arrival, he discovered several members of the NYPD in his apartment and he was arrested.  Sometime later that day, Detective Sean Ryan of the NYPD applied for and obtained a search warrant from Justice William A. Wetzel of the Criminal Court of the City of New York.[5]  The NYPD seized Mr. Bonczek's computer and related hardware from Mr. Bonczek's apartment.  The government alleges that the seized computers and related hardware contain images of child pornography.

## ARGUMENT

Based upon defense counsel's investigation, it appears that the NYPD searched Mr. Bonczek's apartment <u>before</u> obtaining a valid search warrant.  Indeed, the affidavit submitted in support of the search warrant establishes that the NYPD knew about the alleged child pornography on Mr. Bonczek's computer for approximately twelve hours before Mr. Bonczek was arrested.  It appears highly likely that during this period, the police entered Mr. Bonczek's apartment and conducted a search for child pornography.

---

to the orders, rules and regulations of the [New York City Police] department in the same manner as regular members of the force."  NYC Admin. Code § 14-106.

[4] The complaint is attached as Exhibit D to the Necheles Declaration.

[5] The affidavit of Detective Ryan and signed search warrant are attached as Exhibit E to the Necheles Declaration.

Only later did the police obtain a warrant. Based upon this wrongdoing, and other facts, Mr. Bonczek will move pursuant to Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure to suppress all evidence obtained from the search.[6]

In support of his motion to suppress Mr. Bonczek seeks documents from Stuyvesant Town and the NYPD which will establish the time of the search. Accordingly, the attached subpoena duces tecum to Stuyvesant Town directs that entity to produce the following:

> All documents concerning Stuyvesant Town maintenance, security, and administrative personnel's involvement in the incidents at 6 Stuyvesant Oval, Apt. 8H, New York, NY on October 17 and 18, 2007 including, without limitation, all incident reports, maintenance reports, security reports, movement logs, sign in/out sheets, memoranda, notebooks, and communications with the New York City Police Department.

The subpoena duces tecum to the NYPD directs that entity to produce the following:

> 1. For all NYPD detectives involved in the above-captioned case, any and all "movement logs" or other sign in/out documents for October 17 and 18, 2007.
>
> 2. Any and all written communications concerning the above-captioned case, including, without limitation, memo books of NYPD personnel.
>
> 3. All recordings of telephone calls made to and from the New York Police Department concerning the above-captioned case, including, without limitation, 911 phone calls.
>
> 4. All recordings of NYPD radio transmissions concerning the above-captioned case.

---

[6] At the initial court appearance before Your Honor on this matter, counsel for Mr. Bonczek informed Your Honor that we intend to file a motion to suppress and that we would move for pre-trial production of police reports in support of that motion. Your Honor instructed us to inquire whether the United States Attorney's Office intended to produce these police reports and if not, to file a motion promptly. We have been informed by Assistant United States Attorney Telemachus Kasulis that he does not intend to produce these police reports and accordingly we are filing this motion.

3

The information contained in these documents will establish the times that Stuyvesant Town and NYPD personnel entered Mr. Bonczek's apartment and engaged in various activities.

Rule 17(c) of the Federal Rules of Criminal Procedure permits the parties to a federal criminal case to issue subpoenas to compel the production of documents. The Rule states:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1).

In United States v. Nixon, 418 U.S. 683 (1974), the Supreme Court set forth the four factors to be considered in assessing a Rule 17(c) subpoena:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

Id. at 699–700. The Nixon Court stated that the party seeking the issuance of the subpoena has the burden of clearing "three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity." Id.

The proposed subpoenas duces tecum meet the requirements set forth by the Nixon Court. The documents are relevant because they relate to the critical issue here—the timing of the search. They are admissible as prior statements of witnesses who will testify, as well as business records of Stuyvesant Town and the NYPD, to establish the

4

5

timing of various acts. Finally, the documents sought are identified in the subpoena with specificity.

## CONCLUSION

WHEREFORE, Defendant James Bonczek moves this Court to so-order the attached subpoenas duces tecum.

Dated: New York, New York
       May 14, 2008

                                  HAFETZ & NECHELES

                                  /s/
                                Susan R. Necheles, Esq. (SRN 1215)
                                Joshua R. Geller, Esq. (JG 0187)
                                500 Fifth Avenue
                                29th Floor
                                New York, New York 10110
                                212-997-7595
                                srn@hafetzlaw.com
                                jrg@hafetzlaw.com

                                *Attorneys for Defendant James Bonczek*