UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

08 CRIM 361 (PAC)

JAMES BONCZEK,

Defendant.

**DECLARATION OF SUSAN R. NECHELES, ESQ. IN SUPPORT OF DEFENDANT JAMES BONCZEK'S MOTION FOR ISSUANCE OF SUBPOENAS DUCES TECUM PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 17(C)**

STATE OF NEW YORK )
: SS.:
COUNTY OF NEW YORK )

SUSAN R. NECHELES hereby declares under penalty of perjury:

1. I am an attorney duly admitted to practice in this Court. I am a partner in the law firm of Hafetz & Necheles, counsel to the defendant James Bonczek in this action. I submit this declaration and the attached exhibits in support of Mr. Bonczek's motion pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure for the issuance of subpoenas duces tecum directed to Stuyvesant Town and Raymond W. Kelley, the Police Commissioner of the City of New York.

2. A copy of the proposed Subpoena Duces Tecum to Stuyvesant Town is attached hereto as Exhibit A.

3. A copy of the proposed Subpoena Duces Tecum to the New York City Police Department is attached hereto as Exhibit B.

4.      A copy of the Indictment in the above-captioned matter is attached hereto as Exhibit C.

5.      A copy of the Complaint in the above-captioned matter is attached hereto as Exhibit D.

6.      A copy of the Affidavit of Detective Sean Ryan and signed Search Warrant is attached hereto as Exhibit E.

7.      On information and belief, Stuyvesant Town security guards are classified as "special patrolman" pursuant to section 14-106 of the Administrative Code of the City of New York, and accordingly "possess the powers, perform the duties, and [are] subject to the orders, rules and regulations of the [New York City Police] department in the same manner as regular members of the force."  NYC Admin. Code § 14-106.

8.      On information and belief, Mr. Bonczek arrived at his apartment at approximately 9:00 a.m. on October 18, 2007.  Upon his arrival, he discovered several members of the NYPD in his apartment.

9.      On April 30, 2008, the undersigned appeared before the Court and stated that the defendant intends to file a motion to suppress and to move for pre-trial production of police reports in support of that motion.  The Court instructed the undersigned to inquire whether the United States Attorney's Office intended to produce those police reports and if not, to file a motion promptly.

10.      During a telephonic conference, Assistant United States Attorney Telemachus Kasulis informed the undersigned that he does not intend to produce the police reports.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 14, 2008.

/s/
Susan R. Necheles

✎AO89 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

DISTRICT OF

V.

**SUBPOENA IN A CRIMINAL CASE**

Case Number:

TO:

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| (By) Deputy Clerk | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

AO89 (Rev. 7/95) Subpoena in a Criminal Case (Reverse)

## PROOF OF SERVICE

| | | |
|---|---|---|
| RECEIVED BY SERVER | DATE | PLACE |
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | FEES AND MILEAGE TENDERED TO WITNESS<br>☐ YES ☐ NO AMOUNT $ ________ |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

ADDITIONAL INFORMATION

AO89 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

DISTRICT OF

V.

**SUBPOENA IN A CRIMINAL CASE**

Case Number:

TO:

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
| --- | --- |
| (By) Deputy Clerk | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

AO89 (Rev. 7/95) Subpoena in a Criminal Case (Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| RECEIVED BY SERVER | DATE | PLACE |
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | FEES AND MILEAGE TENDERED TO WITNESS<br>☐ YES ☐ NO AMOUNT $ ____________ |
| SERVED BY (PRINT NAME) | | TITLE |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________
DATE

____________________
SIGNATURE OF SERVER

____________________
ADDRESS OF SERVER

____________________

ADDITIONAL INFORMATION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA :

- v. - :

JAMES BONCZEK, :

Defendant. :

- - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: APR 2 8 2008

INDICTMENT

08 Cr.

08 CRIM 361

COUNT ONE

The Grand Jury charges:

1. In or about October 2007, in the Southern District of New York and elsewhere, JAMES BONCZEK, the defendant, unlawfully, willfully, and knowingly did possess a book, magazine, periodical, film, videotape, computer disk, and other material that contains an image of child pornography that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and that was produced using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit, BONCZEK possessed images and videos depicting child pornography.

(Title 18, United States Code, Section 2252A(a)(5)(B).)

COUNT TWO

The Grand Jury further charges:

2. In or about October 2007, in the Southern District of New York and elsewhere, JAMES BONCZEK, the defendant,

unlawfully, willfully, and knowingly did receive child pornography that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit, BONCZEK received images and videos depicting child pornography.

(Title 18, United States Code, Section 2252A(a)(2)(A).)

Deputy FOREPERSON

Michael J. Garcia
MICHAEL J. GARCIA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA**

**- v. -**

**JAMES BONCZEK**

**Defendant.**

**INDICTMENT**

08 Cr.

(18 U.S.C. §§ 2252A(a)(5)(B), 2252A(a)(2)(A).)

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

[signature] Dep. Foreperson.

4/22/08 - Fld. Indictment, Case assigned to Judge Crotty for all purposes.
[signature] U.S.M.J.

Post-It 11/1/87

Approved: ______________________________
TELEMACHUS P. KASULIS
Assistant United States Attorney

Before: HONORABLE HENRY B. PITMAN
United States Magistrate Judge
Southern District of New York

08 MAG 0605

- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA : SEALED COMPLAINT

- v. - : Violation of 18 U.S.C. § 2252A(a)(5)(B)

JAMES BONCZEK, :

Defendant. : COUNTY OF OFFENSE: NEW YORK

- - - - - - - - - - - - - - - - - - -x

SOUTHERN DISTRICT OF NEW YORK, ss.:

JON ADLER, being duly sworn, deposes and says that he is a Criminal Investigator with the United States Attorney's Office for the Southern District of New York, and charges as follows:

COUNT ONE

On or about October 17, 2007, in the Southern District of New York, JAMES BONCZEK, the defendant, unlawfully, willfully, and knowingly did possess computer files, videos, and other materials that contained images of child pornography that had been mailed, and shipped, and transported in interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in interstate and foreign commerce by any means, including by computer, to wit, computer files containing images of child pornography.

(Title 18, United States Code, Section 2252A(a)(5)(B).)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

1. I am an Investigator with the United States Attorney's Office for the Southern District of New York, and have been so employed for approximately seven years.

2. I have participated in the investigation of this matter, and I am familiar with the information contained in this Complaint based on my own personal participation in the

investigation, conversations I have had with other law enforcement officers about this matter, review of documents and materials, and numerous discussions I have had with other law enforcement personnel concerning the creation, distribution, and proliferation of child pornography. Because this Complaint is being submitted for the limited purpose of establishing probable cause to arrest the defendant, I have not included herein the details of every aspect of the investigation. Where actions, conversations and statements of others are related herein, they are related in substance and in part, except where otherwise indicated.

3. From my conversation with a Detective in the New York City Police Department ("NYPD") ("Detective-1"), I know the following:

a. On or about October 17, 2007, a maintenance worker and a security guard entered the Manhattan office apartment of JAMES BONCZEK, the defendant, in response to another tenant's complaint that water was leaking from BONCZEK's office apartment into the hallway.

b. Once inside the office apartment, the two individuals observed images displayed on the office computer screen of children engaged in sexually explicit conduct. The security guard then contacted the NYPD.

c. On or about October 18, 2007, the NYPD obtained a search warrant and searched BONCZEK's Manhattan office apartment. They seized, <u>inter alia</u>, computers and related hardware.

4. From my review of a preliminary investigative analysis prepared by the NYPD Computer Crimes Squad, I know that the computers and related hardware seized from the Manhattan office apartment of JAMES BONCZEK, the defendant, contain at least 30 images of child pornography.

5. From my review of those 30 images, I know that they depict minors engaging in sexually explicit conduct and displaying their genitalia in a lascivious manner, in particular:

a. The subject image, which has been labeled 2007206\N889544_Item2\10Apple_HFS_Untitled_1\MAX\backup\anthoany22.jpg, depicts an adult male with the penis of a naked prepubescent boy in his mouth.

b. The subject image, which has been labeled 2007206\N889544_Item2\10Apple_HFS_Untitled_1\MAX\backup\PR-A29.jpeg, depicts two naked prepubescent boys with their hands on

2007206\N889544_Item2\10Apple_HFS_Untitled_1\MAX\D\Dq\sebast-15.jpg, depicts a naked prepubescent boy with his hand on his penis.

n. The subject image, which has been labeled 2007206\N889544_Item2\10Apple_HFS_Untitled_1\MAX\D\Dq\series_(369).jpg, depicts three naked prepubescent boys, one of whom has his hand and mouth on the others' penises.

o. The subject image, which has been labeled 2007206\N889544_Item2\10Apple_HFS_Untitled_1\MAX\D\Dq\SQUAREFLM.gif, depicts a naked male of indeterminate age anally penetrating a naked prepubescent boy with his penis.

p. The subject image, which has been labeled 2007206\N889544_Item2\10Apple_HFS_Untitled_1\MAX\D\Dq\sucky.jpg, depicts a naked prepubescent boy with his mouth on a the penis of an adult male.

q. The subject image, which has been labeled 2007206\N889544_Item2\10Apple_HFS_Untitled_1\MAX\D\Dt\THEBOYZ329.jpg, depicts a naked prepubescent boy being anally penetrated by the penis of an adult male.

r. The subject image, which has been labeled 2007206\N889544_Item2\10Apple_HFS_Untitled_1\MAX\D\Dt\timo00430.jpg, depicts a naked prepubescent boy being holding the penis of another naked prepubescent boy.

s. The subject image, which has been labeled 2007206\N889544_Item2\10Apple_HFS_Untitled_1\MAX\D\Dt\tivo_32.jpg depicts an adult male with the penis of a naked prepubescent boy in his mouth.

t. The subject image, which has been labeled 2007206\N889544_Item2\10Apple_HFS_Untitled_1\MAX\D\Dt\tmmm0083.jpg, depicts a naked prepubescent boy with the penis of a naked male of indeterminate age in his mouth.

u. The subject image, which has been labeled 2007206\N889544_Item2\10Apple_HFS_Untitled_1\MAX\JPX\014_7.jpg, depicts a naked prepubescent boy with the penis of a naked prepubescent boy in his mouth.

v. The subject image, which has been labeled 2007206\N889544_Item2\10Apple_HFS_Untitled_1\MAX\Long059.jpg, depicts a naked prepubescent boy with the penis of a male of indeterminate age in his mouth.

w. The subject image, which has been labeled 2007206\N889544_Item2\10Apple_HFS_Untitled_1\MAX\JPX\Long711.jpg, depicts two naked prepubescent boys displaying their penises and touching each other in a sexually suggestive manner.

x. The subject image, which has been labeled 2007206\N889544_Item2\10Apple_HFS_Untitled_1\MAX\JPX\Tar&Long076.jpg, depicts a naked prepubescent boy preparing to anally penetrate another naked prepubescent boy with his penis.

y. The subject image, which has been labeled 2007206\N889544_Item2\10Apple_HFS_Untitled_1\MAX\SM\BBondage208.jpg, depicts a bound, naked prepubescent boy being with the penis of a male of indeterminate age in his mouth.

z. The subject image, which has been labeled 2007206\N889544_Item2\10Apple_HFS_Untitled_1\MAX\SM\BBondage314sm.jpg, depicts a bound, naked prepubescent boy and focuses on his penis in a sexually suggestive manner.

aa. The subject image, which has been labeled 2007206\N889544_Item2\10Apple_HFS_Untitled_1\MAX\SM\BBondage315copy.jpg, depicts a naked prepubescent boy being anally penetrated by a large, unidentifiable object.

bb. The subject image, which has been labeled 2007206\N889544_Item2\10Apple_HFS_Untitled_1\MAX\SM\bon-05yrs.jpg, depicts a naked prepubescent girl being anally penetrated by an unidentifiable object.

cc. The subject image, which has been labeled 2007206\N889544_Item2\10Apple_HFS_Untitled_1\MAX\SM\BOND004.jpg, depicts a bound, naked prepubescent girl with a blanket thrown over her head, and focuses on her vagina in a sexually suggestive manner.

dd. The subject image, which has been labeled 2007206\N889544_Item2\10Apple_HFS_Untitled_1\MAX\SM\BOND11.jpg, depicts a bound, naked prepubescent child of indeterminate gender being anally penetrated by the penis of a man of indeterminate age.

6. From my review of e-mails from a computer forensics expert and the National Center for Missing and Exploited Children, I know that components and software in the computers housing these images were not manufactured, assembled, and installed in New York State.

          WHEREFORE, deponent prays that an arrest warrant be issued for JAMES BONCZEK, the defendant, and that he be arrested, and imprisoned, or bailed, as the case may be.

JON ADLER
Criminal Investigator
United States Attorney's Office
for the Southern District of New York

Sworn to before me this
20th day of March, 2008

s/Henry Pitman
HENRY B. PITMAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

IN THE MATTER OF AN APPLICATION FOR A

WARRANT TO SEARCH:

The below locations:

1. 6 Stuyvesant Oval, Apartment 8H, New York, New York, 10009; (Target Premises 1)

2. 121 East 27th St., Suite 315, New York, New York, 10016; (Target Premises 2)

3. 26 West 9th St., Suite 2D1, New York, New York, 10011. (Target Premises 3)

AFFIDAVIT IN SUPPORT OF
SEARCH WARRANT

Detective Sean Ryan, Shield #7910, of the Vice Enforcement Division, Major Case Unit, of the New York City Police Department, being duly sworn, deposes and says:

1. I am a Detective Sean Ryan, Shield #7910, of the Vice Enforcement Division, Major Case Unit, of the New York City Police Department, and as such I am a public servant of the kind specified in CPL 690.05(1).

Brief Summary

On or about the evening of October 17, 2007, a maintenance worker responded to a complaint that water was leaking from the apartment of Dr. James Bonczek, at 6 Stuyvesant Oval, Apartment 8H, New York, New York, 10009. While inside the apartment, the maintenance worker observed lewd images of children displayed on Dr. Bonczek's computer. These children appeared to be between the ages of from 2-7 years old, with genitalia exposed, posed in a sexually explicit manner. The maintenance worker contacted New York City Police Department, and I, Detective Sean Ryan was assigned this case. At approximately 9:00 AM, October 18, 2007, Dr. Bonczek was arrested as he returned to the above apartment. He has not yet been arraigned.

Dr. James Bonczek is the sole resident of the apartment described above, and maintains two offices in New York County, one at 121 East 27th St., Suite 315, and one at 26 West 9th St., Suite 2D1. He

is a Clinical Social Worker and Therapist, trained as a Child and Adolescent Psychoanalytic Psychotherapist.

This affidavit is submitted in support of an application for a warrant to search:

1. 6 Stuyvesant Oval, Apartment 8H, New York, New York, 10009; hereinafter Target Premises 1.

2. 121 East 27th St., Suite 315, New York, New York, 10016; hereinafter Target Premises 2.

3. 26 West 9th Street, Suite 2D1, New York, New York, 10011; hereinafter Target Premises 3.

where there is reasonable cause to believe that the following property may be found:

- any and all images of children or minors under the age of sixteen engaged in sexual acts or dealings with sexual subject matter, or posed in lewd or sexually suggestive positions, whether depicted alone, with other children, with adults, or animals;

- any and all entries, stored information, or communications to or from others making reference to contact or relationships with minor children, including, but not limited to, children engaged in sexual activity, use of a child in a sexual performance, and related crimes, including but not limited to, the trading of the above described images;

- the log file of all activity relating to the accounts of James Bonczek, including all electronic mail and attachments or graphics, read and unread, profiles, buddy lists, newsgroups, "cookies" (shared computer files that indicate that the subject computer was used to access a Website), Websites, e-mail addresses, screen names, or documents related to or requesting pornographic images, performances, conduct or activities;

- data, information, and images, including but not limited to names, nicknames, addresses, numbers including telephone numbers, notes, correspondence, instructions and orders, stored electronic communications, item descriptions, and event descriptions, showing or tending to show the commission of, or connecting or tending to connect a person to the crimes of possessing a sexual performance of a child and related crimes, together with evidence showing or tending to show the identity of the maker or user of the data and information such as passwords, sign-on codes, and program design.

- tangible, or electronic, or digital media dealing with images of children or minors under the age of sixteen engaged in sexual acts or dealing with sexual subject matter, digital or photographic or video cameras (including those of a cellular nature) capable of capturing and preserving images of children or minors under the ages of sixteen engaged in sexual acts, film, videotapes, zip drives, magazines, any personal data assistants, computers, computer diskettes,

compact disks, digital video disks, media cards, USB media storage devices, cellular, with photographic and video capabilities, video, software which is capable of manipulating photographic images including but not limited to Paint Shop and Photo Shop;

- evidence of ownership and use of the target locations, or the use of property located therein by any person, including, but not limited to: keys, telephone bills, utility bills, bank statements, leases, deeds or rent receipts related to the target premises or other real property, mail addressed to or from the target premises, identification bearing the name or photograph of any person, telephone books, address books, date books, calendars, personal papers, tooth and hair brushes, and videotapes; any and all entries, stored information, or communications to or from others, tending to demonstrate James Bonczek's occupancy and use of the target locations.

- Evidence which tends to show whereabouts and other locations James Bonczek has had access to, including but not limited log books, calendars, travel logs, passports, itineraries, and airline ticket information.

- Any tangible evidence related to the physical sexual exploitation of children, including but not limited to: condoms, prophylactics, sexual paraphernalia.

3.    Additionally, this warrant is to hereby request the authority to retrieve the above described data, information, images, and print them or otherwise reproduce them by converting them or copying them into storage in another device.

4.    It is also requested for evidentiary purposes that this Court grant authorization for law enforcement personnel to videotape the interior of the target locations; and to analyze, test, and any way scientifically process the target locations and all the items seized.

5.    With respect to the stored electronic communications, data, information, and images contained in computer disks, cd roms, media cards, USB devices, digital video disks, media cards, cellular telephones, and hard drives described above, including but not limited to any computers, cell phones, or electronic devices at the target locations, it is also requested that this Court grant permission to retrieve the above described communications, data, information, and images, and print them or otherwise reproduce them by converting them or copying them into another device.

6.    As set forth below, there is reasonable cause to believe that inside the target locations there is property which (i) has been used or is possessed for the purpose of being used, to commit or conceal the commission of an offense and (ii) constitutes evidence or tends to demonstrate that an offense was committed or that a particular person participated in the commission of said offense, to wit, Possession of a Sexual Performance by a Child, Penal Law Section 263.16, Endangering the Welfare of a Child, Penal Law Section 260.10; and related crimes.

7.    My basis for believing that the property listed above is in the above target locations is as follows:

- I am informed of the following by Sergeant Gregory Vega, a Special Patrolman assigned to the apartment complex at 6 Stuyvesant Oval, New York, New York, 10009: On or about the evening of October 17, 2007, a maintenance worker, in the company of Sergeant Vega, responded to a complaint that water was leaking from the apartment of Dr. James Bonczek, at 6 Stuyvesant Oval, Apartment 8H, New York, New York, 10009, Target Premises 1. While inside Target Premises 1, Sergeant Vega, and the maintenance worker, observed lewd images of children displayed on Dr. Bonczek's computer. These children appeared to be between the ages of from 2-7 years old, with genitalia exposed, posed in a sexually explicit manner. Sergeant Vega then reported the above to the New York City Police Department, and I, Detective Sean Ryan was assigned this case.

- Furthermore, at approximately 9:00 AM, October 18, 2007, Dr. Bonczek was arrested as he returned to the above apartment. He has not yet been arraigned. The location has been guarded by New York City Police Detectives since the initial report.

- I have been a detective with the New York City Police Department for over twelve years. I am currently assigned to the Vice Enforcement Division, Major Case Unit of the New York City Police Department. I received specialized training in child abuse and sex crimes, and the NYPD Criminal Investigation course. During my tenure as a detective, I have been involved in the investigation of persons engaged in the dissemination of indecent material to a minor, as well as in the possession and trafficking of child pornography. I have participated in the execution of more then 100 search warrants for evidence of these crimes, including search warrants for the seizure and examination of computers and computer-related materials. Based on this training and experience I am familiar with many of the methods by which persons involved in the dissemination of indecent materials to minors and the possession and distribution of child pornography obtain, store, transmit, and traffic in such material.

- Prior search warrant executions that I have participated in have revealed that evidence in computer related crimes is commonly found not only on the hard drive of the seized computers but also on other types of magnetic media including floppy disks, computer tapes, zip-disks, jazz disks, and cd roms. Many of these incriminating files were deleted by the perpetrators only to be retrieved from the seized computer by trained technicians using advanced technology. Moreover, during long term-investigations, I have recovered computers containing incriminating files many months after the files were created, saved or even deleted.

- I am informed by Sergeant Vega that Dr. James Bonczek was the sole resident of the apartment described above, and that Dr. Bonczek is a Clinical Social Worker and Therapist, trained as a Child and Adolescent Psychoanalytic Psychotherapist. Sergeant Vega also provided a brochure printed advertising Dr. Bonczek. This brochure advertises Dr. Bonczek's offices to be at 121 East 27th Street, Suite 315, New York, New York, 10016,

Target Premises 2, and 26 West 9th Street, Suite 2D1, New York, New York, 10011, Target Premises 3. Additionally I have observed an advertisement on the official "Psychology Today" website advertising Dr. Bonczek's offices to be at 121 East 27th Street, Suite 315, New York, New York 10016, Target Premises 2.

- This website describes Dr. Bonczek's specialty as that of a trained "Child and Adolescent Psychoanalytic Psychotherapist", and discusses his work with behavioral changes and children.

- Based on my experience and training in the Vice Enforcement Division, and specifically the execution of over 100 search warrants for charges of this nature, it is regular practice for defendants to transmit, view, maintain, evidence of the sort sought, in multiple computers, and locations. Digital images may be easily and electronically transferred from one media device to another. In my experience, it is common for defendants to maintain images both at their residence and place of employment.

WHEREFORE, deponent respectfully requests that the court issue a warrant and order of seizure of:

- any and all images of children or minors under the age of sixteen engaged in sexual acts or dealings with sexual subject matter, or posed in lewd or sexually suggestive positions, whether depicted alone, with other children, with adults, or animals;

- any and all entries, stored information, or communications to or from others making reference to contact or relationships with minor children, including, but not limited to, children engaged in sexual activity, use of a child in a sexual performance, and related crimes, including but not limited to, the trading of the above described images;

- the log file of all activity relating to the accounts of James Bonczek, including all electronic mail and attachments or graphics, read and unread, profiles, buddy lists, newsgroups, "cookies" (shared computer files that indicate that the subject computer was used to access a Website), Websites, e-mail addresses, screen names, or documents related to or requesting pornographic images, performances, conduct or activities;

- data, information, and images, including but not limited to names, nicknames, addresses, numbers including telephone numbers, notes, correspondence, instructions and orders, stored electronic communications, item descriptions, and event descriptions, showing or tending to show the commission of, or connecting or tending to connect a person to the crimes of possessing a sexual performance of a child and related crimes, together with evidence showing or tending to show the identity of the maker or user of the data and information such as passwords, sign-on codes, and program design.

- tangible, or electronic, or digital media dealing with images of children or minors under the age of sixteen engaged in sexual acts or dealing with sexual subject matter, digital or photographic or video cameras (including those of a cellular nature) capable of capturing and preserving images of children or minors under the ages of sixteen engaged in sexual acts, film, videotapes, zip drives, magazines, any personal data assistants, computers in addition to the target computer, computer diskettes, compact disks, digital video disks, media cards, USB media storage devices, cellular telephones in addition to the target cell phone with photographic and video capabilities, video, software which is capable of manipulating photographic images including but not limited to Paint Shop and Photo Shop;

- evidence of ownership and use of the target locations, or the use of property located therein by any person, including, but not limited to: keys, telephone bills, utility bills, bank statements, leases, deeds or rent receipts related to the target locations or other real property, mail addressed to or from the target locations, identification bearing the name or photograph of any person, telephone books, address books, date books, calendars, personal papers, tooth and hair brushes, and videotapes; any and all entries, stored information, or communications to or from others, tending to demonstrate James Bonczek's occupancy and use of the target locations.

- evidence which tends to show whereabouts and other locations James Bonczek has had access to, including but not limited log books, calendars, travel logs, passports, itineraries, and airline ticket information.

- any tangible evidence related to the physical sexual exploitation of children, including but not limited to: condoms, prophylactics, sexual paraphernalia.

(ii) directing that if such evidence is found, it be brought before the Court.

With respect to the stored electronic communications, data, information and images contained in computer disks, CD ROMs and hard drives, described above, it is also requested that this Court grant permission to retrieve the above-described communications, data, information, and images, and print them or otherwise reproduce them by converting them or copying them into storage in another device.

No previous application has been made in this matter to any other Judge, Justice, or Magistrate.

Detective
Sean Ryan

Lawrence Newman
APPROVED: Assistant District Attorney

Sworn to before me this
October 18, 2007

Judge

HON. WILLIAM A. WETZEL

PT. 34 OCT 1 8 2007

Name of Court Reporter

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER IN THE CITY OF NEW YORK

Proof by affidavit having been made this day before me by Detective Sean Ryan, Shield #7910, of the Vice Enforcement Division, Major Case Unit of the New York City Police Department (i) that there is reasonable cause to believe that certain property, to wit:

- any and all images of children or minors under the age of sixteen engaged in sexual acts or dealings with sexual subject matter, or posed in lewd or sexually suggestive positions, whether depicted alone, with other children, with adults, or animals;

- any and all entries, stored information, or communications to or from others making reference to contact or relationships with minor children, including, but not limited to, children engaged in sexual activity, use of a child in a sexual performance, and related crimes, including but not limited to, the trading of the above described images;

- the log file of all activity relating to the accounts of James Bonczek, including all electronic mail and attachments or graphics, read and unread, profiles, buddy lists, newsgroups, "cookies" (shared computer files that indicate that the subject computer was used to access a Website), Websites, e-mail addresses, screen names, or documents related to or requesting pornographic images, performances, conduct or activities;

- data, information, and images, including but not limited to names, nicknames, addresses, numbers including telephone numbers, notes, correspondence, instructions and orders, stored electronic communications, item descriptions, and event descriptions, showing or tending to show the commission of, or connecting or tending to connect a person to the crimes of possessing a sexual performance of a child and related crimes, together with evidence showing or tending to show the identity of the maker or user of the data and information such as passwords, sign-on codes, and program design.

- tangible, or electronic, or digital media dealing with images of children or minors under the age of sixteen engaged in sexual acts or dealing with sexual subject matter, digital or photographic or video cameras (including those of a cellular nature) capable of capturing and preserving images of children or minors under the ages of sixteen engaged in sexual acts, film, videotapes, zip drives, magazines, any personal data assistants, computers in addition to the target computer, computer diskettes, compact disks, digital video disks, media cards, USB media storage devices, cellular telephones with photographic and

video capabilities, video, software which is capable of manipulating photographic images including but not limited to Paint Shop and Photo Shop;

- evidence of ownership and use of the target locations, or the use of property located therein by any person, including, but not limited to: keys, telephone bills, utility bills, bank statements, leases, deeds or rent receipts related to the target premises or other real property, mail addressed to or from the target locations, identification bearing the name or photograph of any person, telephone books, address books, date books, calendars, personal papers, tooth and hair brushes, and videotapes; any and all entries, stored information, or communications to or from others, tending to demonstrate James Bonczek's occupancy and use of the target locations.

- evidence which tends to show whereabouts and other locations James Bonczek has had access to, including but not limited log books, calendars, travel logs, passports, itineraries, and airline ticket information.

- any tangible evidence related to the physical sexual exploitation of children, including but not limited to: condoms, prophylactics, sexual paraphernalia.

may be found in the target locations at:

1. 6 Stuyvesant Oval, Apartment 8H, New York, New York, 10009; Target Premises 1.
2. 121 East 27th St., Suite 315, New York, New York, 10016; Target Premises 2.
3. 26 West 9th Street, Suite 2D1, New York, New York, 10011; Target Premises 3.

     YOU ARE THEREFORE COMMANDED, to enter and to search the Target Locations at:

1. 6 Stuyvesant Oval, Apartment 8H, New York, New York, 10009;
2. 121 East 27th St., Suite 315, New York, New York, 10016;
3. 26 West 9th Street, Suite 2D1, New York, New York, 10011

for the above described property, and if you find such property or any part thereof to bring it before

the Court without unnecessary delay.

     Furthermore, this Court authorizes law enforcement personnel to videotape and

photograph the interior of the target locations; and to analyze, test, and in any way scientifically

process the target premises and all the items seized.

     Additionally, with respect to the stored electronic communications, data, information and

images contained in computer disks, CD ROMs and hard drives, described above, this Court

authorizes the retrieval of the above-described communications, data, information, and images, and print them or otherwise reproduce them by converting them or copying them into storage in another device.

This warrant must be executed within 10 days of the date of issuance.

Judge of the Criminal Court

Dated: New York, New York

10/19/07

HON. WILLIAM A. WETZEL

PT. 34 OCT 1 8 2007

**CRIMINAL COURT OF THE CITY OF NEW YORK**
**COUNTY OF NEW YORK**

IN THE MATTER OF AN APPLICATION FOR A

WARRANT TO SEARCH:

1. 6 Stuyvesant Oval, Apartment 8H, New York, New York, 10009;
(Target Premises 1)

2. 121 East 27th St., Suite 315, New York, New York, 10016;
(Target Premises 2)

3. 26 West 9th St., Suite 2D1, New York, New York, 10011.
(Target Premises 3)

**AFFIDAVIT AND WARRANT**

**Robert M. Morgenthau**
**District Attorney**
**New York County**
**One Hogan Place**
**New York, New York 10013**
**(212) 335-9000**