UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        -against-                              08 CRIM 361 (PAC)

JAMES BONCZEK,

                Defendant.

**REPLY TO THE GOVERNMENT'S LETTER BRIEF IN OPPOSITION TO
DEFENDANT JAMES BONCZEK'S MOTION FOR ISSUANCE OF
SUBPOENAS DUCES TECUM PURSUANT TO
FEDERAL RULE OF CRIMINAL PROCEDURE 17(C)**

We submit this memorandum in reply to the government's letter brief in opposition to Defendant Bonczek's motion for issuance of subpoenas duces tecum pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure.

At Mr. Bonczek's arraignment, defense counsel informed the Court that we would be moving to suppress the evidence seized from Mr. Bonczek's apartment, and that we would be asking the Court to sign pretrial subpoenas to the New York City Police Department ("NYPD") so that we could obtain evidence in support of this motion. Your Honor directed that we check with the AUSA handling this case as to whether he would be producing the police reports but that if he was not going to do so, we should submit the subpoenas promptly to the Court.

Pursuant to Your Honor's direction, we checked with AUSA Telemachus Kasulis, who stated that the government would not be producing to the defense any NYPD reports. We then submitted to the Court two narrowly drawn subpoenas which seek

documents which have not been produced to the defense by the government, but are material to the defense of this case.

Specifically, Mr. Bonczek lives in an apartment located in Stuyvesant Town. The pornographic materials that he is charged in the indictment with receiving and possessing were seized from his apartment on October 17 or 18, 2007. The affidavit in support of the search warrant states that a maintenance worker and a New York City Special Patrolman who were inside Mr. Bonczek's apartment allegedly fixing a leak in Mr. Bonczek's shower, saw pornography on Mr. Bonczek's computer.

The first proposed subpoena, to Stuyvesant Town, seeks to obtain from the managing agent of Stuyvesant Town records of the maintenance work allegedly done on Mr. Bonczek's apartment, when it occurred, why it occurred, and the communications that resulted to the NYPD. These documents that we seek are records of Stuyvesant Town. These documents fit squarely within the definition of evidence material to the defense but have not been produced to the defendant by AUSA Kasulis as Rule 16 discovery, presumably because they are not in the government's possession.

The second subpoena we have submitted is addressed to the NYPD. Here we seek documents which would establish (1) the time at which police officers went to Mr. Bonczek's premises, (movement logs and other sign in/out documents), (2) what the NYPD was told about the contents of Mr. Bonczek's computer prior to the time that a search warrant was obtained, (written communications about this case, including memo books, recordings of telephone calls made to the NYPD, recordings of radio transmissions), and (3) the time at which police officers entered Mr. Bonczek's premises (log books, NYPD radio transmissions). Again, AUSA Kasulis's letter to Your Honor

does *not* state that the records the defendant seeks from the NYPD are in the government's possession.

AUSA Kasulis's letter to the Court opposing defendant's motion for issuance of subpoenas contains three and one half pages of boiler plate law and citations about the general law concerning subpoenas pursuant to Rule 17(c), almost all of which has no relevance to the subpoenas requested by the defendant. Letter from AUSA Kasulis to the Hon. Paul A. Crotty (June 5, 2008), at 3–6. Thus, for example, the government cites case law that holds that "the defendant must demonstrate that the requested materials are admissible as evidence at trial," Kasulis letter at 4–5, but does not contest the fact that defendants established in our initial motion papers that the materials we seek are admissible. So too, the government argues that "the defendant must establish that the defense's application is made in good faith and is not intended as a general fishing expedition." Kasulis letter at 5. Again, this argument has no relevance to the subpoenas at issue here, which are incontestably narrowly drawn and in good faith seek materials relevant to the defense.

The government's argument boils down to two points which are contained on pages six and seven of the Kasulis letter: (1) the subpoenas improperly seek witness statements that are subject to Rule 26.2 and 18 U.S.C. § 3500, and (2) the subpoenas improperly seek material beyond the scope of Rule 16. We address each of these arguments below.

### 1. The Documents Sought By The Subpoenas Are Not Prior Statements Of Government Witnesses Made To The Government.

The government's first argument is that because some of the documents which the defendant has subpoenaed may contain statements of someone who may be a witness, therefore the defense cannot subpoena these documents. The government does not assert that any of the documents sought by the defendant contain statements that were made by a prospective government witness. Instead, the government's argument is that the documents cannot be subpoenaed because defendant's initial brief stated that one of the bases on which some of the materials that he seeks would be admissible in evidence is "as prior statements of a witness who will testify." [1] Def.'s Mot. at 4–5.

The government argues that there are three rules that prohibit the defendant from subpoenaing from a third party prior statements of a potential witness. First, section 3500 of Title 18, United States Code, which provides that "[i]n any criminal prosecution brought by the United States, no statement or report *in the possession of the United States* which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a).

Second, the government cites Rule 26.2 of the Federal Rules of Criminal Procedure, which provides that the same rule that applies to the government—§ 3500—applies also to the defense.

---

[1] The government has not identified any documents or materials that the defendant has subpoenaed, including any 911 tapes or other tapes of phone calls, which are prior statements of potential government witnesses—i.e., people the government would call as witnesses at a hearing or trial. Indeed, most of the documents subpoenaed are business records. The government's failure to (1) allege that the documents sought contain statements of potential government witnesses, and (2) identify which specific materials sought by the defense contain prior statements of a potential government witness, are two additional reasons why the government's argument that the materials sought by the defendant fall within § 3500 is unavailing.

Finally, the government cites Rule 17(h) of the Federal Rules of Criminal Procedure, which provides that neither the defendant nor the government can subpoena witness statements from each other. Instead, these statements must be turned over as set forth in § 3500 and Rule 26.2—after the witness testifies.

However, none of these rules apply to statements that were made by a potential witness to a third party, and that *are not in the possession of the defendant or the government.* For example, clearly the government can subpoena a third party to obtain a deposition transcript of a person who the government believes may be a defense or government witness at trial. The defendant cannot prevent the government from obtaining that deposition from a third party simply by claiming that the deponent is likely to be a witness at trial. And, the defense is equally entitled to subpoena such a deposition transcript of a potential defense or government witness. There is no rule or case which prevents such a subpoena, and it is notable that the government cites none.

Indeed, by its very language, § 3500 applies only to statements or reports "*in the possession of the United States*." Here, however, the defendant is seeking documents from third parties, not from the government. Therefore, § 3500 and the other rules which make § 3500 applicable to the defense, are not relevant here.

Moreover, both the defense and the prosecution are entitled to subpoena business records, including letters, handwritten notes, memoranda, and computer files, that are material to the issues in the case. The mere fact that these business records contain prior statements of individuals who may or may not be witnesses for one party or another does not make these business records § 3500 material. Nor does it make these business records non-subpoenable pursuant to Rule 17(h).

Essentially, what the government is arguing here is that the defense can never subpoena prior to trial business records that are material to his defense because those records *may* include a statement by an individual who *may* be a witness for the government. This is not the law and it is telling that the government cites no case in support of this radical proposition which would deny a defendant in a criminal case the ability to subpoena documents from third parties, investigate the facts, and prepare a defense to the charges against him.

Thus, documents in the possession of third parties, such as Stuyvesant Town and the NYPD are not § 3500 material or prior statements of a witness that the defense is prohibited from subpoenaing. The government's first argument therefore fails.

2.  **The Documents Sought Are Material To The Defense.**

The government's second argument is that Rule 17(c) only permits a defendant to subpoena from third parties documents and other tangible items that fit within the definition of Rule 16. Assuming *arguendo* that this argument is correct, the documents and tape recordings that the defendant seeks to obtain here clearly are "material to preparing the defense" within the meaning of Rule 16(a)(1)(E)(i).

Recognizing this, the government argues that nonetheless these documents cannot be subpoenaed because § 3500 material cannot be subpoenaed in advance of trial. Kasulis letter at 7, fn. 2.

Thus, the government's second argument is the same as its first argument—a defendant cannot subpoena from a third party materials that may contain prior statements of a potential government witness. As we established in section 1 above, this argument

6

fails because (1) most of the material subpoenaed is business records of third parties and even if those business records contain prior statements of someone who might be a government witness, they are not § 3500 material; (2) the government has not identified either any potential government witnesses whose statements are in the documents subpoenaed, or which documents contain those prior statements; and (3) the materials subpoenaed are in the hands of third parties, and therefore § 3500 does not apply to these subpoenas.

## CONCLUSION

For the reasons set forth above and in defendant's initial brief, this Court should grant defendant's motion to issue the two subpoenas sought by defendant.


Dated: New York, New York
       June 9, 2008

                                        HAFETZ & NECHELES

                                        _____s/_____
                                        Susan R. Necheles, Esq. (SRN 1215)
                                        Joshua R. Geller, Esq. (JG 0187)
                                        500 Fifth Avenue
                                        29th Floor
                                        New York, New York 10110
                                        212-997-7595
                                        srn@hafetzlaw.com
                                        jrg@hafetzlaw.com

                                        *Attorneys for Defendant James Bonczek*