UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>JAMES BONCZEK,<br><br>Defendant. | 08 CRIM 361 (PAC) |

**DEFENDANT JAMES BONCZEK'S MOTION FOR FORENSIC
REVIEW OF COMPUTER EVIDENCE**

Defendant James Bonczek submits this memorandum in support of his motion to be permitted to review the computers that were seized from his apartment on Macintosh-based forensic computers using Macintosh-based forensic software.

Background

On October 18, the police seized from Bonczek's apartment computer hardware which allegedly contains pornography. Pursuant to 18 U.S.C. § 3509(m), the government refused to provide the defendant with a copy of the computer hardware seized from the defendant, or of the data on this computer hardware.

In order to be able to review the data on the computers seized by the government the defendant entered into a Stipulation with the government, a copy of which is attached to the Necheles Declaration submitted herewith as Exhibit A. The Stipulation provides that the government would (1) make a "mirror" copy of the computers, (2) allow the defendant's attorneys and computer expert to review the mirror copy at the United States

Attorney's Office on a stand alone workstation, and (3) permit the defense team to copy any files from the mirror copies that were not contraband.

The defendant entered into this Stipulation in order to be able to immediately review the computer evidence. However, the computers that were seized from the defendant's apartment were Apple Macintosh computers. The government's stand alone computer is a Windows-based computer and the forensic software program on the government's computer is Windows-based software. Defense counsel was informed by a forensic expert retained by the defense, Michael Kessler, that when data from an Apple Macintosh is converted into a Windows-based format, critical data can be lost or corrupted, and certain forensic tools which would permit the viewing of what was occurring on the defendant's computer cannot be utilized. *See* Necheles Decl., ¶__. Accordingly, the defendant requested that the government provide an Apple Macintosh computer for the defendant's use to review the computers. AUSA Kasulis informed us that this was impossible because the government does not have an Apple Macintosh computer available for the defense review.

Notably, the government's expert, who is an outside expert who was hired by the government to perform forensic testing of the seized computers, is using an Apple Macintosh computer to perform his forensic testing. This is apparent from the printouts which the government has provided to the defense, which are attached as Exhibit B to the Necheles Declaration.

Because the defense did not want to delay the defense's review of the computer evidence, the defense agreed to attempt to review the evidence on the government's Windows-based stand alone computer.   However, defense counsel and the government

agreed that should this prove inadequate, defense counsel could seek an Order from the Court, permitting the defendant to be able to review the relevant computer data on an Apple Macintosh computer, with Macintosh-based forensic software. Thus, the Stipulation entered into by parties provides:

> AGREED, that it is understood that the Defendant has requested and still intends to seek the right to use his expert's own computer equipment and software for further forensic testing, if necessary, and to review the Belkin Router seized in this case, and that the Government continues to reserve its right to object to such a request at the appropriate time. In addition, by entering this agreement the parties do not waive their right to challenge each others' performance pursuant to this agreement or to otherwise move the Court for additional relief with respect to the inspection of the evidence seized in this case.

Stipulation at 3.

The computer expert, Michael Kessler, and his assistant, then went to the government's office and reviewed the mirror copies of the seized computers. Kessler and his assistant spent approximately 32 hours reviewing the mirror copies and performing a forensic analysis. They were not, however, able to obtain information critical to the defense of this case.

## Application

In order to explain to the court what information the computer people seek but are unable to obtain using the Windows-based computer supplied by the government, the defense request permission to file a sealed affidavit prepared by Mr. Kessler. The defense asks that we be permitted to file the Kessler affidavit under seal because revealing what information the defense is seeking to learn will necessarily involve revealing defense strategy to the government.

Based on the Kessler Affidavit, which will explain to the Court why the current computer set up being provided by the government is technologically inadequate, we will ask the Court to order the government to permit the defense to either (1) provide for the use of the Bonczek defense team an Apple Macintosh computer with (a) mirror images of the seized computers, and (b) forensic software specified by the defense expert, Michael Kessler, or (2) allow Mr. Kessler to load a copy of the mirror images of the seized computers onto his Apple Macintosh computer to perform the forensic analysis.

This relief is necessary for the defendant to be able to adequately examine the seized computer, in search of critical information. Indeed, the government's own expert is utilizing the very same equipment that the defense seeks to utilize – an Apple Macintosh computer. In *United States v. Shrake*, 515 F.3d 743, 747 (7th Cir. 2008), the Seventh Circuit warned that this type of double standard – the government being permitted to use forensic tools not available to the defendant – is not constitutionally permissible:

> *Wardius v. Oregon*, 412 U.S. 470 (1973), holds that rules about pretrial discovery in criminal prosecutions must apply to prosecutors as well as to defendants. Access provided to private experts retained by the prosecution must be provided to private experts retained by the defense.

*Id*.

Accordingly, we respectfully request that we be permitted to (1) file under seal the affidavit of Michael Kessler, and (2) based on that affidavit, be permitted to review the seized computer files using an Apple Macintosh computer and the appropriate forensic software.

The information that we seek to learn may be critical to the defendant's motion to suppress that is currently pending before the Court. We do not wish, however, to delay

the hearing currently scheduled for this Wednesday, July 10.  Accordingly, we ask that we be permitted to supplement the record should Mr. Kessler or his assistant be permitted to review the computer using an Apple Macintosh and should we discover pertinent information.

Dated: New York, New York
        July 7, 2008

                                           HAFETZ & NECHELES
                                                        s/
                                           Susan R. Necheles, Esq.
                                           Joshua R. Geller, Esq.
                                           500 Fifth Avenue, 29th Floor
                                           New York, New York 10110
                                           212-997-7595
                                           srn@hafetzlaw.com
                                           jrg@hafetzlaw.com

                                           *Attorneys for Defendant James Bonczek*